ALVINA SEMROW *vs.* JULIUS SEMROW.

March 20, 1879.

Appeal—Order which is not Final.—An appeal does not lie from an order which adjudges a defendant in contempt for disobeying a previous order of the court requiring him to pay to plaintiff a specified sum as temporary alimony, and which directs a warrant to issue for his arrest and commitment in case he refuses to pay the amount of such alimony, with interest and costs of motion, within ten days after the personal service upon him of such order.

Appeal by defendant from an order of the district court for Sibley county, *Macdonald,* J., presiding. Judgment of divorce between the parties and for permanent alimony to the plaintiff had been rendered, and the permanent alimony paid, and the judgment therefor satisfied, before the order appealed from was applied for. That order declared the defendant in contempt for disobedience of an order made before judgment, for the payment of alimony to the plaintiff, *pendente lite*, and required him to pay the arrears of such alimony, with costs of the motion, by a day named, and to be committed in case of disobedience.

*Davis, O'Brien & Wilson,* for appellant.

*S. & O. Kipp,* for respondent.

CORNELL, J.* The order which is the subject of this appeal was granted upon an order to show cause why defendant ought not to be punished as for a contempt of court, for refusing obedience to a previous order made in the action, requiring him to pay to plaintiff a certain sum therein named as temporary alimony. In substance and effect, it adjudges him guilty of the contempt charged, and further directs, as punishment therefor, that a warrant shall be issued for his arrest and commitment for the time mentioned therein, unless he pays the amount of such alimony awarded, with interest from the date of the order granting it, with ten dollars costs

*Gilfillan, C. J., because of illness, did not sit in this case.

of motion, within ten days after personal service upon him. of the last granted order.   In other words, the order adjudges. him in contempt, prescribes the terms upon which, and the time within which, he may purge himself of the contempt, and orders the prescribed punishment in case he fails to comply with the conditions within the required time.   Whether this is an appealable order, is the first question for consideration.   If an appeal lies at all, it must be under the first. clause of the sixth subdivision of Gen. St. c. 86, § 8, which allows an appeal "From a final order affecting a substantial right, made in a special proceeding."   The order in question is not one of that character.   It is not a final order in the matter.   It is a preliminary and conditional one, directing the punishment of the party defendant, in case he refuses to comply with its requirements.   No warrant can be issued, or arrest made, under it.   Before any punishment can be inflicted upon him, proof must be made to the court that he has. refused to comply with its conditions, and a final and absolute order made thereon, directing it.   It may be that, upon the application for that order, facts may be shown upon which the court below will feel compelled, in the exercise of its discretion, to withhold it altogether.   The present is not, therefore, an absolute and final order affecting any substantial right of the party, and is not appealable.   *Brinkley* v. *Brinkley*, 47 N. Y. 40.

Appeal dismissed.