LOUIS F. MENAGE *vs.* AUGUST LUSTFIELD.

June 20, 1883.

Supplementary Proceedings—Order Bringing in Stranger and Adjudging Him in Contempt—Appeal.—In proceedings against the defendant, supplementary to execution, the judge made an order, under Gen. St. 1878, *c.* 66, § 347, requiring the appellant, a stranger to the action, to appear and answer. She not appearing, the judge, on April 20th, made an order adjudging her in contempt, but reserving the matter of punishment for further consideration, and on May 25th he made an order punishing her for the contempt. The order to appear and answer recites that it was made on reading a certain affidavit, and " examining the records and files of said court in said action." *Held—First*, the order of April 20th is not appealable.

Same—Jurisdiction of Court.—*Second*, on an appeal from the order of May 25th, the jurisdiction of the judge to make the order to appear and answer may be assailed; *third*, on such appeal it must be conclusively assumed that the order was made upon consideration of the records and files recited, and no allegation to the contrary will be permitted; *fourth*, the affidavit *held* insufficient, and the disclosure of the defendant, one of the files in the action, *held* sufficient, to give jurisdiction to make the order to appear and answer.

Minnie D. Lustfield appeals from an order of the district court for Rice county, *Buckham,* J., presiding, made on plaintiff's motion, adjudging her to be in contempt for the disobedience of an order of such court requiring her to appear and answer in supplementary proceedings in this action, and also appeals from a further order of the same court requiring her to pay $25 for her contempt of court, or to be committed to the county jail.

*Geo. N. Baxter,* for appellant.

*Savage & Woodman,* for respondent.

GILFILLAN, C. J.   After judgment in the district court and execution unsatisfied against August Lustfield, proceedings supplementary to execution were commenced against him.   He was examined before a referee, and the examination filed in the office of the clerk.   Afterwards, on February 3, 1882, the judge of the court made an order re-

quiring Minnie D. Lustfield to appear at a time and place stated in it, before a referee named in it, and answer under oath concerning any property of the judgment debtor which she had, as well as any moneys, effects, rights in action, and interest of his which she had. This order was duly served on her, and she failed to appear, whereupon the judge, on April 20, 1882, after hearing counsel, made an order adjudging her to be in contempt, but reserving the question of punishment for further consideration. On May 25, 1882, the judge, after hearing counsel, made an order reciting the prior proceedings, and adjudging her to pay plaintiff $25 for such contempt, and ordering a commitment to issue for her imprisonment in case of her failure to pay. Minnie D. Lustfield appeals from the order of April 20th and also from that of May 25th.

Respondent moves to dismiss the appeal from the first of these orders as not appealable. As decided in *Semrow* v. *Semrow*, 26 Minn. 9, the order is not appealable, and the appeal is dismissed.

The objection made to the second of these two orders is that the judge had no jurisdiction to make it; that he had no proof that appellant had property of or was indebted to the judgment debtor, and therefore had no authority to make the order of February 3d; and that that order, and all the proceedings based on it, were void for want of jurisdiction over appellant. The statute (Gen. St. 1878, c. 66, § 347,) authorizes the judge, "upon proof, by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has property of the judgment debtor, or is indebted to him in an amount exceeding ten dollars," to make the order to appear and answer. Proof to the satisfaction of the judge—that is, evidence tending to establish the requisite facts, and calling for the exercise of his judgment thereon—is the basis of his authority to issue the order. The affidavit presented to the judge, for the purpose of obtaining the order, did not tend to prove the necessary facts. The order, however, recites that it is made on reading the affidavit, "and examining the records and files of said court in said action." One of these files was the disclosure of the judgment debtor. Appellant claims that, upon the application for the order of February 3d, the judge, notwithstanding the recital in it, did not examine nor read, nor have

read to him, any of the files, but acted solely on the affidavit, and relies to show this upon a statement to that effect in the order of May 25th, and insists that, for that reason, on this appeal, the disclosure cannot be referred to, to ascertain if it furnishes proof sufficient to authorize the order. The proposition is utterly inadmissible. It would be not only seriously inconvenient, but unseemly, if, on proceedings to review an order, an issue were allowed to be made on whether the judge actually read or considered the proofs and papers on which it purports to · have been made. The proofs and papers existing, it must be conclusively assumed, for the purpose of reviewing the order, that it was made upon due consideration of them. The disclosure contains enough to authorize the judge to issue the order. Without specifying other matters in it, several of which would be sufficient, it is enough to say that it appears from it that at one time the appellant was indebted in a large amount to the judgment debtor, and it does not satisfactorily show that such indebtedness was ever extinguished.

Order affirmed.

MITCHELL, J.    I concur in the decision of the case, but do not wish to be understood as committed to anything in the opinion of the court which may imply that the order in the supplementary proceedings would have been *void* if issued without proper proof, and that the appellant can, in this proceeding, go behind that order, and attack the sufficiency of the proof upon which it was issued.