## FLORA J. SCHMIDT v. ORVILLE W. SCHMIDT.

146 N. W. (2d) 185.

November 10, 1966—No. 39,983.

*F. Gordon Wright,* for appellant.

*David K. Hebert* and *Albertson, Norton & Jergens,* for respondent.

KNUTSON, CHIEF JUSTICE.

Plaintiff and defendant were married on September 23, 1934. Two children were born as issue of the marriage but both are now of lawful age and married.

In July 1960 plaintiff commenced an action for divorce which culminated in a stipulation for settlement of property rights and alimony in October 1961. On November 8, 1961, a judgment and decree were entered granting plaintiff a divorce, which provided for the payment of alimony of $150 per month. In addition plaintiff was given the right to use the house owned by the parties as tenants in common as long as she remained unmarried but was required to make monthly payments on a mortgage amounting to $76.90 per month, which amount included taxes and insurance on the house. A few shares of stock theretofore owned by the parties in joint tenancy were left unchanged.

Defendant is employed by the Northwestern Bell Telephone Company in Minneapolis. He remarried in May 1962 and thereafter adopted three minor children of his newly acquired wife.

In March 1964 defendant served notice of motion for a change in the judgment and decree of divorce by eliminating the payment of alimony. Substantial affidavits by the parties showing their present financial condition were submitted to the court. Lengthy interrogatories were submitted by plaintiff and answered by defendant. Defendant also took a deposition of plaintiff, and an affidavit of one of the daughters of the parties was submitted. Some time after the return date of the motion the parties mutually agreed to submit the matter without oral argument. It appeared that plaintiff had substantially improved her position. While she was in ill health at the time of the divorce, she had regained her health at the time of the motion and was gainfully employed. During the year 1964 her take-home pay was $2,214.29, whereas at the time of the divorce her earnings were almost nothing. For some unknown reason the court made no decision on this motion. While it was pending, defendant discontinued payments of alimony in July, August, and half of September and December 1964, resulting in an arrearage of $450 by 1965. Plaintiff thereupon made a motion seeking to have defendant adjudged in contempt for failure to make the required alimony payments. The motion

was returnable on January 18, 1965. On January 16 defendant served upon plaintiff's attorney a countermotion again seeking to have the alimony discontinued or reduced and the arrearages forgiven. This countermotion was made returnable on the same day as plaintiff's motion involving the contempt charge, and both came on for hearing together.

The court decided these motions on March 11, 1965. On plaintiff's motion the court found that "by reason of illness and circumstances beyond the control of the defendant, * * * there was no willful disobedience of the orders of this Court" and therefore defendant was not guilty of contempt. On defendant's motion the court amended the judgment and decree by reducing the alimony to the sum of $100 per month. On March 16 the court filed an amended judgment wherein it stated that the court would retain jurisdiction of the subject matter "insofar as alimony is concerned without prejudice to the rights of either party to seek modification of the alimony requirement or amendment thereof, by reason of any substantial change in the circumstances of the parties, or either of them."

Neither the original nor the amended judgment referred in any way to the default by defendant in payment of alimony. In order to collect this amount plaintiff commenced an action in the municipal court of the city of Minneapolis. Shortly thereafter the district court, on April 20, 1965, issued a corrective order forgiving defendant all amounts then due, which effectively terminated the action commenced in municipal court.

Plaintiff now appeals from the amended judgment and the later order forgiving the defaulted payments. It is the contention of plaintiff that the court abused its discretion in reducing the alimony and in forgiving the defaulted payments although she concedes that the court's order finding the defendant not guilty of contempt was within the discretionary powers of the court and was not an abuse of discretion.

Plaintiff raises several technical objections to the proceedings. Among others, she complains of the long delay by the court in determining defendant's original motion for reduction in alimony. While we can see no excuse for a delay of some 9 months in deciding a motion of this kind, we fail to see how plaintiff has been prejudiced by it. During all of this time, excepting the months when defendant was in default, he continued

to pay $150 per month. Had the court acted more expeditiously the payments might conceivably have been reduced earlier than they were.

Plaintiff also complains of the court's action on defendant's counter-motion, which had been served only a few days before the hearing on January 18. Plaintiff appeared at this hearing and made no request for additional time to meet the claims of defendant. As a matter of fact, defendant's evidence supporting this motion was substantially the same as had been submitted in support of his original motion some 9 months previously, so it can hardly be said that the court and plaintiff were not aware of the claims of the defendant. We see no objection to hearing the countermotion at the same time as the motion to have defendant adjudged in contempt.

Additionally, plaintiff contends the court abused its discretion in issuing the order on April 20, 1965, forgiving the past-due installments of alimony. Such corrective order supplying an omission from the original order is permissible under Rule 60.01, Rules of Civil Procedure.

There are other technical objections which merit no discussion. Stripped to its essentials, the question before us is whether the court so far abused its discretion in reducing alimony and in granting forgiveness of past-due installments that we should interfere with it. An examination of the entire record requires a negative answer on both points.

■ The rules applicable to a proceeding of this kind are well established. The court has quite broad discretionary power to modify alimony payments when the conditions of the parties change. Here the record shows that defendant's health had materially deteriorated. He had a severe heart attack on July 3, 1964, following which he was hospitalized for 6 weeks and was unable to return to work for a long time thereafter. Prior to the heart attack he had suffered a back injury for which he was receiving medical treatment. As a result of these disabilities he has incurred medical and hospital expenses; and while his pay has continued as before, with some moderate raises since the divorce, the additional expenses accumulated to the point where the court found he was unable to make the payments. On the other hand plaintiff's condition has materially improved. She was not well enough to work at the time of the divorce, but since has regained her health and now is gainfully employed

and earned in excess of $2,000 in 1964. She has the use of the house jointly owned by the parties and until shortly before these motions were heard had rented out one of the bedrooms. She can still do so. The improvement in her financial condition more than equals the reduction in alimony. We are convinced the record sustains the court's action.

■ Forgiveness of past-due installments was also within the discretionary power of the court. Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925; Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913; Conklin v. Conklin, 223 Minn. 449, 27 N. W. (2d) 275, 6 A. L. R. (2d) 1274.[1]

The court in passing upon plaintiff's motion to find defendant in contempt found that defendant was unable to pay during the time he was in default due to "illness and circumstances beyond the control of the defendant." The same reason may have impelled the court to forgive the past-due installments. If the court had timely acted upon defendant's original motion, there might not have been any necessity for the default. In any event, there is evidence to sustain the exercise of the court's discretionary power to grant the forgiveness, so it must be sustained.

We see no reason for interfering with the court's action.

Affirmed.

---

[1] See Bensel v. Hall, 177 Minn. 178, 225 N. W. 104, as to the nature of alimony.