MIRIAM F. FITCH v. RONALD R. FITCH.

213 N. W. 2d 925.

January 4, 1974—Nos. 44066, 44094.

*John F. Laue,* for appellant.

*Darby, Brewer & Evavold, Richard H. Darby,* and *Dale Evavold,* for respondent.

PER CURIAM.

Appeals from orders of the district court, one dated October 26, 1972, finding defendant in willful contempt of court for violation of the court's previous order requiring certain payments in a divorce proceeding, and the other dated November 14, 1972, denying a motion to reduce support and alimony payments.

The divorce decree was dated December 7, 1971. Before the divorce action was commenced, defendant had been employed as a school psychologist at an annual salary of $12,000 per annum. The wife was qualified to teach school in Minnesota. The divorce decree gave the wife custody of the two minor children of the parties, ages 8 and 5, with child support at $300 per month. The wife was also awarded alimony in the amount of $200 per month provided she earned less than $200 per month. In the event she earned more than $200 per month, the alimony was fixed at $100 per month.

Defendant was informed in June 1972 by his superiors that his position would not be available to him for the 1972-1973 school year. Defendant then entered a new field and started selling securities. He remarried and is now living in Flint, Michigan.

In August 1972, the wife caused defendant to be cited for contempt as he was then $400 in arrears and had not tendered a deed conveying his interest in the homestead as required in the original decree. At the hearing, defendant appeared in person and by counsel. His counsel prior to the hearing tendered to the wife's counsel a deed to accomplish the homestead transfer. He disclosed by his affidavit that he was without income since June of 1972. The trial court did not examine defendant but found upon the matters presented that he was financially able to make the required payments and found him in willful contempt for not having made them. The court ordered the issuance of a bench warrant providing for defendant's incarceration in January 1973 unless evidence was filed with the court that he had purged himself of the contempt by making up the back payments to August 14, 1972, and by paying to plaintiff one-half of his net earnings after that date until all unpaid back payments are satisfied. He was further required to file with the court an affidavit stating his total earnings since August 14, 1972, and to make monthly reports thereafter until such back payments are satisfied.

By separate order the court denied defendant's motion to reduce the alimony and support payments. Defendant's appeals from both orders were consolidated for submission to this court.

The appeal from the order holding defendant in contempt must be dismissed. Defendant contends that the trial court exceeded his authority in finding defendant in contempt because of the fact that defendant was not examined by the trial court at the hearing. However, the order finding defendant in contempt is preliminary and conditional, directing punishment in case defendant fails to comply with its requirement. Before any punishment can be inflicted upon defendant, some proof of noncompliance is necessary and a final order directing punishment is necessary. The order is, therefore, nonappealable. Semrow v. Semrow, 26 Minn. 9, 46 N. W. 446 (1879).

The trial court in denying the motion to reduce the alimony and support payments recognized defendant's reduction in income by providing in the contempt order that he pay one-half of his net earnings to the wife until the deficiency is paid. This appears to be a reasonable solution to defendant's temporary reduction in income and our examination of the evidence sustains the order of the court. The controlling legal principles have long been established. The decision to modify is left in the sound discretion of the trial court and will not be reversed except upon a clear showing of an abuse of that discretion. 6A Dunnell, Dig. (3 ed.) § 2805.

The appeal from the order holding defendant in contempt is dismissed; order denying the motion to reduce the alimony and support payments is affirmed. Attorneys' fees in the amount of $250 are allowed respondent on this appeal.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.