RUBY BELL PETERSON v. ROBERT CLARENCE PETERSON.

231 N. W. 2d 85.

June 6, 1975—No. 44962.

---

*Samuel D. Finkelstein* and *Mark J. Freidson,* for appellant.
*Eugene W. Hoppe,* for respondent.

PER CURIAM.

This is an appeal from an order of the Ramsey County District Court denying defendant's motion for termination of alimony and cancellation of arrearages, finding defendant in constructive civil contempt for failure to pay alimony, and sequestering funds for the payment of future alimony.

The parties were divorced January 25, 1968. Division of property and alimony of $350 per month were provided by a stipulation that was incorporated in the decree. Defendant was remarried in February 1968.

Defendant maintained alimony payments until March 1970, when he suffered disabling injuries to both legs. He was hospitalized for these injuries from March through November of 1970 and again from October through December of 1971. He was in arrears in alimony payments in the amounts of $1,120 in 1970 and $1,510 in 1971. Defendant apparently continued to receive salary payments from his employer throughout this period. Although he stated that these payments were considered to be loans and that he was in the process of repayment, this testimony was extremely vague and was uncorroborated.

In 1972 defendant was unable to successfully pursue his former employment as a construction foreman. In settlement of his pension fund and stock holdings, he received approximately $40,000. During 1972 he began an independent, over-the-road trucking business which showed a net loss of $134 for that year. Of the $40,000 received from his former employer, approximately $14,000 was used in his new business; $22,000 was not accounted for by defendant's testimony. Although there were no further arrearages in 1972, defendant did not pay the arrearages from the prior years.

In 1973 defendant made all alimony payments through September 1 and none thereafter. He attributed the arrearages of that period to his trucking business running at a loss, resulting in an absence of available funds. The business had gross earnings in 1973 of $18,900. In excess of $10,000 was received during the period of the arrearages. In December of 1973, defendant received $75,000 in settlement of his personal injury claim. All but $17,500 was disbursed for medical expenses, attorneys fees, house payments and miscellaneous business and living expenses.

By February 1, 1974, the date of the hearing on the parties' motions,

defendant had paid no alimony for the year. Defendant testified that his business was running at a loss and had a current debt of nearly $20,000, with fixed monthly payments of $1,042. His second wife was ill and unable to work. The disability to his legs required and would continue to require medical care.

Plaintiff has not remarried. She is unable to work because of a difficult blood disorder and hypertension that require nearly constant medical attention.

Defendant contends that the district court erred in denying his motions to terminate alimony and to cancel arrearages. Each of these motions is addressed to the sound discretion of the district court, whose decision will not be reversed absent a clear showing of abuse of discretion. Schmidt v. Schmidt, 275 Minn. 268, 146 N. W. 2d 185 (1966).

An award of alimony is to be modified only upon clear proof of facts showing a substantial change of circumstances from those existing at the time of the divorce. Rubenstein v. Rubenstein, 295 Minn. 29, 202 N. W. 2d 662 (1972); Mark v. Mark, 248 Minn. 446, 80 N. W. 2d 621 (1957). Past-due installments may be forgiven upon proof of causative circumstances beyond defendant's control. Schmidt v. Schmidt, *supra*.

Although this record is glaringly incomplete, it is clear that defendant has had income during or shortly after each period of arrears that was more than sufficient to meet his alimony obligation. Large sums of money have been unsatisfactorily accounted for. The district court's denial of defendant's motions was not an abuse of discretion as defendant has simply failed to meet his burden of proof.

This court, if it were to sit as a trial court, might have made rulings somewhat different than those of that court. Considering the generous property settlement stipulated for and agreed to by the defendant and his physical and financial misfortunes following the divorce decree, possibly granting some relief might be justified. However, we cannot say that the failure to do so was clearly erroneous, particularly where the defendant's testimony lacked credibility.

The district court enjoined defendant from disposing of the balance of $17,500 in his savings account, ordered him to pay the arrearages and attorneys fees awarded to plaintiff, and, pursuant to Minn. St. 518.24,[1]

---

[1] Minn. St. 518.24 provides in relevant part that "* * * upon failure to pay * * * alimony * * * the court may sequester the obligor's personal estate, * * * and appoint a receiver thereof, and cause such personal estate, * * * to be applied according to the terms of such order or decree."

sequestered the balance on deposit in defendant's savings account to insure payment of future alimony. This remedy is within the discretion of the court. We find no clear abuse of that discretion.

Defendant also challenges that part of the district court's order holding him in constructive civil contempt. This is a conditional order directing punishment only if defendant fails to purge himself of his contempt. It is therefore an unappealable order and this part of defendant's appeal must be dismissed. Fitch v. Fitch, 298 Minn. 529, 213 N. W. 2d 925 (1974).

In the light of all of the circumstances, no attorneys fees or costs are allowed to either of the parties.

Affirmed.