Dorothy Ann WIESE, Petitioner,
Respondent,

v.

Joseph Arnold WIESE, Jr., Appellant.

No. 50224.

Supreme Court of Minnesota.

July 3, 1980.

Oakes & Miller, Judith L. Oakes and Deborah J. Nankivell, St. Paul, for appellant.

John H. Martin, St. Paul, for respondent.

ROGOSHESKE, Justice.

Joseph Arnold Wiese, Jr., appeals from an order directing him to pay an increase in alimony from $100 per month to $250 per month, effective May 1, 1979. We reverse.

The record indicates that the marriage of the parties was judicially dissolved by a judgment and decree entered on March 17, 1975. Upon stipulation of the parties, incorporated into the judgment and decree, the respondent Dorothy Ann Wiese was awarded the custody of the two minor children subject to visitation by the appellant; child support on behalf of the children of $300 per month; and alimony in the amount of $200 per month for the period during which support payments were made and permanent alimony in the amount of $250 per month thereafter.

On November 12, 1976, the appellant moved the district court for an order transferring custody of the one remaining minor child to him and terminating his alimony obligation. By its order of December 15, 1976, the district court denied his motion to change custody but reduced appellant's alimony obligation to $100 per month. No appeal was taken from that order.

Respondent then moved the court, on January 10, 1979, for an order increasing appellant's support and alimony obligations, asserting essentially that the homestead in which she resided had fallen into substantial disrepair; that the living expenses, including tuition, of the minor child had risen appreciably; and finally, that her monthly living expenses had increased greatly without a simultaneous raise in her employment income.

By its decision from which this appeal is taken, the district court concluded that a "clear and substantial change of circumstances" had occurred since the entry of the court's order of December 15, 1976, and directed that the respondent's permanent alimony be prospectively increased to $250 per month. The motion for increased child support was denied.

Minn.Stat. § 518.64 (1978) authorizes the trial court to modify an award of alimony or "maintenance" upon application of either party. Judicial interpretation of that statute and its predecessors has established that an award is to be modified only upon clear proof of facts showing a substantial change of circumstances from those existing at the time of the dissolution or, as in the instant case, at the time the award was last modified. *Peterson v. Peterson*, 304 Minn. 578, 231 N.W.2d 85 (1975); *Rubenstein v. Rubenstein*, 295 Minn. 29, 202 N.W.2d 262 (1972).

Although a motion for modification is addressed to the sound and broad discretion of the trial court and this court, on appeal, is reluctant to interfere with an exercise of this substantial discretion, we have repeatedly cautioned trial courts to modify an award cautiously and only upon clear proof of facts showing that a substantial change in circumstances renders modification equitable. *Ramsay v. Ramsay*, 305 Minn. 321, 233 N.W.2d 729 (1975); *Bissell v. Bissell*, 291 Minn. 348, 191 N.W.2d 425 (1971); *Kaiser v. Kaiser*, 290 Minn. 173, 186 N.W.2d 678 (1971). The absence of any specific and detailed factual findings by the trial court renders review difficult, particularly given the unique assertions made by the respondent in support of her motion. Our independent review of the entire record requires the conclusion that there exist no facts to support a finding that a clear and substantial change in circumstances, as contemplated by statutory and decisional authority, has occurred. Accordingly, there is no basis upon which the modification is legally or equitably justified and the order authorizing it must be reversed. *Lemley v. Lemley*, 290 Minn. 525, 187 N.W.2d 136 (1971).

Reversed.

WAHL, Justice (dissenting).

Because I believe that sufficient facts exist to support the trial court's finding that a clear and substantial change in circumstances has occurred, I must respectfully dissent. It is well-settled that the decision whether to modify a decree for maintenance or child support because of a change in the financial circumstances or needs of a party is left to the sound discretion of the trial court and that the court's decision should not be reversed unless the evidence clearly shows that there has been an abuse of that discretion. *Bissell v. Bissell*, 291 Minn. 348, 191 N.W.2d 425 (1971); *Fitch v. Fitch*, 298 Minn. 529, 213 N.W.2d 925 (1974). The record here reveals that appellant's income has increased steadily over time, but respondent's wages have risen only slightly, from approximately $220 per month to $288 per month. This is an amount substantially less than she needs to meet her monthly expenses. Considering these facts in light of the additional evidence that her home is in substantial disrepair and that all her other expenses, including those related to the care of a minor son, have increased, I

cannot say that the trial court abused its discretion by increasing respondent's maintenance. I would therefore affirm.

OTIS, Justice (dissenting).

I concur in the dissent of Justice Wahl.