**Thomas L. SULZBACH,
Petitioner, Appellant,**

v.

**Anne M. SULZBACH, Respondent.**

**No. C6–86–503.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Robert W. Reutiman, Jr., Wayzata, for appellant.

John W. Getsinger, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

NIERENGARTEN, Judge.

Thomas Sulzbach appeals an order affirming a referee's order denying forgiveness of arrearages contending his nonpayment was not willful and that he had a substantial decrease in income. He also contends that he is entitled to a credit against future maintenance and a modification of his maintenance obligation. We affirm.

## FACTS

Thomas Sulzbach and Anne Sulzbach were married in 1962 and have two emancipated children. A judgment and decree of dissolution provided that net proceeds from the sale of the homestead would be divided forty percent to Thomas and sixty percent to Anne. The decree also provided that any arrearages in maintenance obligations existing at the time of the homestead sale would be paid to Anne out of Thomas' share of the proceeds. At time of sale, Thomas was $5,450 in arrears and consequently $5,450 was deducted from his share of the net proceeds. Thomas also was required to pay spousal maintenance reduced annually from a monthly $850 in July 1984 to $250 per month by July 1988.

His employment at $37,800 annual net income was terminated in February 1985. He did not work again until September 1985 when he took a sales job, consisting primarily of a $750 monthly expense allowance, income from a part-time production control position with his company, and unspecified amounts from sales commissions. Apparently, Thomas did not pay any maintenance after February 1985.

On April 9, 1985, Thomas asked the court to forgive unpaid maintenance obligations until he was employed again. He was denied relief because of an insufficient showing of his earning capacity.

After a futile attempt to receive relief from a referee regarding payment of delinquent maintenance obligations from Thomas's share of homestead proceeds, Thomas filed a motion requesting the court to forgive arrearages accrued during the period of his unemployment; to modify the maintenance schedule to comport with his employment and income; to credit his future maintenance obligations with the $5,450 sum deducted from his share of the sale proceeds; and to forgive any arrearages in maintenance occurring after the date of his re-employment. The referee found that payment of $5,450 covered arrearages at the time of the sale and that Thomas was earning $750 per month as a commissioned salesperson. The referee ordered that the maintenance obligation under the decree must be maintained until Thomas could present the court with information concerning future commissions.

Thomas sought a review of the referee's findings of fact and recommendations on the grounds that "a reduction of [appellant's] earnings of seventy-six percent constituted a substantial decrease in his earnings which made the terms of the original decree regarding maintenance unreasonable and unfair * * *."

The court confirmed the referee's order "in all respects" and Thomas appeals, raising four issues.

## ISSUES

1. Did the trial court abuse its discretion by failing to forgive arrearages when

Thomas became unemployed and subsequently experienced a reduction in income?

2. Is Thomas entitled to credit for sums applied to the arrearages out of homestead sale proceeds received under the terms of the dissolution decree?

3. Did the trial court err in failing to modify the spousal maintenance obligations under the decree when Thomas' employment and income circumstances changed?

4. Does Minn.Stat. § 518.64 (1984), which makes "all divisions of real and personal property * * * final," prohibit courts from recognizing proceeds from the sale of the parties' homestead as a source of funds for the payment of spousal maintenance?

## ANALYSIS

### 1. Denial of Motion to Forgive Arrearages

■ The trial court's decision on motions to terminate alimony obligations and cancel arrearages will not be reversed "absent a clear showing of abuse of discretion." *Peterson v. Peterson*, 304 Minn. 578, 580, 231 N.W.2d 85, 86 (1975) (citing *Schmidt v. Schmidt*, 275 Minn. 268, 146 N.W.2d 185 (1966)).

■ The referee and trial court denied Thomas' motions for relief because they did not have sufficient information about Thomas' income from commissions, and consequently were in no position to forgive arrearages until his actual earnings were verified. Although Thomas' unemployment was not voluntary and his *stated* income is substantially less than his earnings at the time of the dissolution decree, we find that the court did not abuse its discretion because it was not presented with sufficient information about Thomas' actual income. Accordingly, we affirm the trial court's order denying Thomas' motion to forgive arrearages.

### 2. Credit for Homestead Sale Proceeds

■ Paragraph nine of the dissolution decree specifically provided that any arrearages in maintenance existing at the time of the homestead sale would be paid from Thomas' share of the sale proceeds. The agreement of the parties incorporated into the decree expressly anticipated the possibility that maintenance obligations might be unpaid at the time of the sale. Thomas was in arrears at the time of the sale. Paragraph nine resolves that issue.

### 3. Denial of Motion to Modify Maintenance Obligations

The decree in this case was entered pursuant to the parties' stipulation, which specified the terms for the division of property and the graduated schedule for maintenance payments. Under these circumstances, we are very reluctant to alter the terms of the decree. *Sieber v. Sieber*, 258 N.W.2d 754, 757 (Minn.1977).

While the trial court could have modified Thomas' maintenance obligations upon a "clear showing of a substantial change of circumstances," it denied Thomas' motion to forgive arrearages and amend the decree because it believed it lacked sufficient income information. *See Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980) (awards should be modified "cautiously and only upon clear proof of facts showing that a substantial change in circumstances renders modification equitable"). Thomas argues that his current monthly income of $750 is a seventy-six percent reduction from his $37,800 annual income at the time of the divorce and represents a "substantially decreased earning" within the meaning of Minn.Stat. § 518.64. However, the record does not show conclusively that Thomas' income consists solely of the $750 monthly expense allowance. Thomas also was to receive income from a part-time production control position and commissions on sales. The extent or lack of income from those sources was not presented to the trial court, therefore the court lacked "*clear proof* of facts showing a substantial change of circumstances." *Wiese*, 295 N.W.2d at 372. Consequently, we conclude that the trial court did not abuse its discretion by failing to modify Thomas' spousal maintenance obligations.

*See Taflin v. Taflin,* 366 N.W.2d 315, 319 (Minn.Ct.App.1985) (district court's denial of a motion to forgive child support arrearages was affirmed because the father failed to provide sufficient income information and the trial court did "not possess enough documentation to properly determine Petitioner's income").

### 4. Consideration of Sale Proceeds as Funds for Maintenance

We do not consider Thomas' fourth issue because the district court did not specifically make any findings of fact or conclusions of law with respect to whether Thomas' sale proceeds may be considered a source of funds for the payment of spousal maintenance. The referee's findings, "confirmed in all respects" by the district court judge, denied Thomas' motion to forgive arrearages and to amend the decree because the court lacked sufficient information about Thomas' income. The court stated that it was in no position to reduce maintenance based merely on Thomas' "base salary" as a commissioned salesperson when it "was not presented with any information concerning projected commissions to be earned by the [appellant] * *." The court's decision was based on Thomas' current and future *income*. Accordingly, we need not consider the propriety of using proceeds from the sale of a homestead as a source of funds for the payment of maintenance obligations.

### DECISION

The trial court did not abuse its discretion by denying Thomas' motions to forgive arrearages and modify the spousal maintenance obligations, because the court did not have sufficient information about Thomas' current or future income which would allow it to make an informed decision about those issues. The court also did not err by denying Thomas' motion to credit him with $5,450 against future maintenance.

Affirmed.