# MARY LOU RAMSAY v. JAMES F. RAMSAY.

233 N. W. 2d 729.

September 12, 1975—No. 44700.

*Bruess, Boyd, Andresen & Sullivan* and *David P. Sullivan,* for appellant.

*Courtney, Gruesen & Petersen* and *David L. Petersen,* for respondent.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is an appeal from an amendment to a divorce decree. The principal issue is whether the receipt of income by appellant, Mary Lou Ramsay, resulting from her employment, justified the termination of her alimony. We hold that it did not, and reverse.

The parties were divorced on July 30, 1968. They were represented by counsel who negotiated a stipulation for the division of property, payment of alimony and support money, and custody of their three children who remained with plaintiff wife. The terms of the stipulation incorporated in the decree required defendant husband to pay $170 a month in alimony and $80 a month support for each child.

On May 4, 1973, defendant moved the court for an amendment terminating his obligation to pay alimony. Thereupon, plaintiff sought an order awarding her additional child support, attorneys

fees, and other relief. The court granted defendant's motion and denied plaintiff's, stating its reasons in the following memorandum:

"In making its original determination in this matter, the Court has considered that this divorce was commenced in 1967 and the decree was finalized in July of 1968. At that time, the plaintiff was not employed and, in fact, had young children at home and was needed in the home for these children.

"Since that time, the plaintiff has taken part-time employment, amounting to approximately 32 hours every two weeks, from which she now draws a net income of approximately $187.00. There is no showing that she could not work on a more full-time basis if she desires to do so and, in fact, it would appear to the Court that her employment is such that she could be working full time if she wished.

"In any event, the plaintiff's present income exceeds the amount of alimony that she was originally granted, while the defendant's income has not increased since 1967.

"Defendant has now been paying the alimony for over six years, as well as paying the child support and providing hospitalization and medical insurance for the minor children. It does not appear to the Court that the plaintiff should consider this a permanent annuity, and therefore the Court has ordered the cessation of alimony.

"The Court has taken into consideration the fact that this matter is now being appealed and therefore has, by this Order, reinstated temporarily the alimony payments pending this appeal."

1. Minn. St. 518.64 allows the court to "revise and alter * * * the amount of * * * alimony" granted in a divorce decree, but in so doing it must base its amendment on a showing there has been a substantial change of circumstances in one or both of the parties. Mark v. Mark, 248 Minn. 446, 80 N. W. 2d 621 (1957). In every such case discretion must be exercised "cautiously." Bissell v. Bissell, 291 Minn. 348, 351, 191 N. W. 2d 425,

427 (1971). Defendant showed that plaintiff was now employed in a part-time job and that she could work full time if she wished to do so since the children had reached the ages of 8, 11, and 12 years. Defendant had married a woman with three children and testified that he had to "contribute substantially" to their support.

Our prior decisions which considered the termination of alimony because of the wife's ability to earn a living dealt with situations where there had been a diminution of the former husband's earning capacity. Smith v. Smith, 77 Minn. 67, 79 N. W. 648 (1899). In the Smith case, the husband was elderly, while his former wife was "in the prime of life and is able to command a good salary." 77 Minn. 69, 79 N. W. 648. More recently, in Schmidt v. Schmidt, 275 Minn. 268, 146 N. W. 2d 185 (1966), alimony was terminated where the husband's health had badly deteriorated and the former wife was employed full time. Here, however, defendant makes no claim that his income has declined since the date of the divorce. Nor is the fact of defendant's remarriage, as he concedes in his brief, sufficient change of circumstance to support a termination of alimony. Quist v. Quist, 207 Minn. 257, 290 N. W. 561 (1940); Hagen v. Hagen, 212 Minn. 488, 4 N. W. 2d 100 (1942); Weinand v. Weinand, 286 Minn. 303, 175 N. W. 2d 506 (1970).

We stated in Kaiser v. Kaiser, 290 Minn. 173, 180, 186 N. W. 2d 678, 683 (1971):

"The fact that the financial rights and obligations of the parties have been fixed in the divorce decree as a result of stipulation is an important consideration restraining, although not controlling, the court's authority."

See, Kate v. Kate, 234 Minn. 402, 408, 48 N. W. 2d 551, 555 (1951); Botkin v. Botkin, 247 Minn. 25, 77 N. W. 2d 172 (1956); Hellman v. Hellman, 250 Minn. 422, 84 N. W. 2d 367 (1957); Tammen v. Tammen, 289 Minn. 28, 182 N. W. 2d 840 (1970). Although a stipulation is not binding on the court, Kate v. Kate,

*supra,* the fact remains that it represents the parties' voluntary acquiescence in an equitable settlement. In view of the modest alimony payable to plaintiff in relation to defendant's income, her decision to work part time should have been foreseeable by both parties. There is nothing in the stipulation which makes the payment of alimony contingent on her being unemployed. Nor does the stipulation specify any circumstances under which alimony is to be terminated. In the absence of a contrary provision adopted by stipulation, where the condition of the parties remains relatively unchanged, the mere passage of time does not standing alone constitute a ground for terminating alimony.

2. With respect to plaintiff's motion for an increase in child support, Minn. St. 518.64 grants the district court power to "revise and alter * * * the amount of * * * support money" awarded the custodial parent for the children. Under Minn. St. 518.17, subd. 2, the court is required to consider "the earning capacity and financial circumstances of each parent." We are satisfied that on the facts described the trial court was correct in denying plaintiff's motion.

Plaintiff is allowed $400 attorneys fees.

Affirmed in part, reversed in part.