**Glenda Ruth EPSTEIN, petitioner, Appellant,**

v.

**Herschel S. EPSTEIN, Respondent.**

**No. 47475.**

Supreme Court of Minnesota.

May 26, 1978.

Ellen Dresselhuis, Minneapolis, for appellant.

Grossman, Karlins, Siegel & Brill, Minneapolis, for respondent.

PER CURIAM.

Appellant, Glenda Ruth Epstein, and respondent, Herschel S. Epstein, were divorced in 1968 by a decree of the Hennepin County District Court which, pursuant to the parties' stipulation, awarded her their homestead and required respondent as part of his alimony obligation to pay the real estate taxes on the property. By an order entered in September 1976, the court ordered that the decree be amended to eliminate this obligation. On appellant's motion for amended findings or a new trial the court denied her relief and ordered that she pay $250 attorneys fees for respondent. She contends in this court that the trial court abused its discretion in ordering amendment of the decree and in requiring her to pay respondent's attorneys fees. We affirm the trial court on the question of alimony but reverse the award of attorneys fees to respondent.

Initially, we observe that while the court has power under Minn.St. 518.64 to "revise and alter" a provision for alimony, we have consistently required that amendment of a decree or order containing such a provision must be based on a showing that there has been a substantial change in the circumstances of one or both of the parties which renders the modification equitable. E. g., *Bissell v. Bissell*, 291 Minn. 348, 191 N.W.2d 425 (1971); *Mark v. Mark*, 248 Minn. 446, 80 N.W.2d 621 (1957). This court has also held that the fact that the financial rights and obligations of the parties have been fixed in a decree as a result of a stipulation is an important consideration restraining, although not controlling, the court's authority. *Ramsay v. Ramsay*, 305 Minn. 321, 233 N.W.2d 729 (1975); *Kaiser v. Kaiser*, 290 Minn. 173, 186 N.W.2d 678 (1971). The discretion given the trial court must be exercised cautiously. *Ramsay v. Ramsay, supra; Mark v. Mark, supra.*

In this case the decree provided that respondent's obligation to pay the taxes should terminate if respondent ceased to live in the home or if she sold it. Respondent's motion to be relieved of the obligation was supported by an affidavit made in October 1975 in which he alleged that appellant had ceased living in the home, but the trial court found as a fact that she still lived there and respondent did not seek review of the finding. In his affidavit he also alleged that, although the home had been awarded to appellant because the parties assumed their three children would live there, in fact their daughter was living with him and the sons were at boarding school most of the time. Respondent further alleged that when the children had been living with appellant her lifestyle had been morally unwholesome and that she has put the home to uses not contemplated by the parties when the decree was entered—renting it to others for several months, renting bedrooms, letting friends stay there, and conducting a photo-journalism business from the home. The trial court made no findings with respect to these allegations.

The findings made relating to whether there had been a substantial change in circumstances making elimination of respondent's obligation equitable were as follows:

"3. That Petitioner still resides in the homestead of the parties described in Paragraph 8 of the Judgment and Decree.

"4. That at the time of the divorce, the homestead was valued at approximately $50,000, and was free and clear of any mortgage. That subsequent to the divorce, Petitioner arranged a mortgage on the homestead premises, and received the sum of $45,000 pursuant to the mortgage agreement. That the $45,000 received pursuant to the mortgage was invested for Petitioner by a friend, Neil Naftalin. That Petitioner presently has no stocks, and cannot account for any of the monies received.

"5. That Mr. Naftalin pays the monthly mortgage payments of $350 per month. That Petitioner does not pay any mortgage payments. That Petitioner does not take any deduction for interest on the mortgage payments for her state and federal income tax returns.

"6. That the circumstances described in Paragraphs 3 through 5 above, if not constituting a transfer of Petitioner's beneficial interest in and to the real estate are sufficient to constitute a change of circumstances to warrant the elimination of Respondent's alimony obligation [to pay the taxes]."

■ Since these findings have evidentiary support in appellant's own testimony, we must affirm. The trial court, while not finding a specific transfer of petitioner's title to Naftalin, undoubtedly felt that all of the circumstances justified a finding of sufficient change of circumstances to warrant elimination of the duty on the part of respondent to pay taxes. One gets the distinct reading from all the findings that the trial court was suspicious that appellant had in fact transferred all of her interest to Naftalin, although the findings do not go so far as to specifically state that fact.

■ We cannot agree with the trial court's awarding of attorneys fees to re-

spondent, however. Although we have held that an award of attorneys fees will not be disturbed on appeal absent a clear abuse of discretion, *O'Neil v. O'Neil*, 297 Minn. 516, 210 N.W.2d 237 (1973); *Davis v. Davis*, 306 Minn. 536, 235 N.W.2d 836 (1975), appeal dismissed, 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976), we have also urged that they be awarded "cautiously and only when necessary." *Kendall v. Kendall*, 289 Minn. 494, 495, 181 N.W.2d 894, 896 (1974). Respondent made no showing he could not pay his own fees and indeed made no request that appellant pay them. Accordingly, we conclude the award should not stand even though the amount awarded was not great.

Neither party is awarded attorneys fees on this appeal.

Affirmed in part and reversed in part.

OTIS, J., took no part in the consideration or decision of this case.