In re the Marriage of Jean Marie WILDTRAUT, Petitioner, Respondent,

v.

Daniel S. WILDTRAUT, Appellant.

No. C2–86–353.

Court of Appeals of Minnesota.

Aug. 12, 1986.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Rex D. Stacey, O'Connell & Hopper, Chtd., Hastings, for appellant.

Considered and decided by SEDGWICK, P.J., and FORSBERG, and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This appeal is from an amended order modifying child support provided in a dissolution decree. The court ordered an increase in support to the guidelines amount. We reverse and remand.

## FACTS

Appellant Daniel and respondent Jean Wildtraut were married in 1975 and divorced by decree dated July 30, 1982. There are two children of the marriage, ages 1 and 3 at the time of the dissolution. Respondent was granted custody and appellant was ordered to pay $175 per month child support for each of the children. Appellant has remarried and has one child from this marriage.

Respondent moved for an increase in support in October, 1985, claiming a substantial increase in appellant's income and in her own expenses. Respondent started work shortly after the entry of the decree. She submitted an affidavit showing increased expenses since the decree, including child care expenses. Appellant's income has increased approximately 64%, according to the net monthly income found by the trial court.

The trial court ordered support increased to $290 per child per month, the guidelines amount. The court made no finding as to the needs of the children. The court noted respondent's income but found

[t]hat there has been a substantial change in the financial circumstances in that the income of the [appellant] is substantially greater in 1985 than it was at the time the Decree of Dissolution was entered * * * *.

The court found that this change made the support award "unreasonable and unfair." *See* Minn.Stat. § 518.64, subd. 2 (1984).

## ISSUE

Did the trial court make findings adequate to support a modification of child support?

## ANALYSIS

The supreme court in *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986), has required findings on the statutory factors involved in child support awards in modifying support in non-public-assistance cases, even where the guidelines are followed. Among the findings required is a finding on the needs of the children. *Id.* at 864; *see also Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986). Therefore, we must remand for findings on all the statutory factors.

We need not address the issue of whether a substantial change in circumstances was shown.

Appellant argues that the trial court erred in failing to deviate from the guidelines due in part to his increased expenses, particularly those following the birth of a child from his second marriage. Obligations assumed as a result of a second marriage do not relieve the obligor of his duty to his first wife or their children, although extenuating circumstances may be considered. *See Zieman v. Zieman,* 265 Minn. 190, 192, 121 N.W.2d 77, 79–80 (1963) (alimony obligation did not end following obligor's remarriage but extenuating circumstances found); *see also Ramsay v. Ramsay,* 305 Minn. 321, 323, 233 N.W.2d 729, 731 (1975) (involving alimony only). Appellant's suggestion that all three children should be included in the guidelines computation has been rejected by the supreme court:

Children by a subsequent marriage, while relevant to a trial court's decision, are not to be factored into the child support guidelines tables * * * *.

*Erickson v. Erickson,* 385 N.W.2d at 304.

## DECISION

The trial court did not make findings adequate to support the modification order.

Reversed and remanded.