In re the Marriage of Mary Louise **JAMES, Petitioner, Respondent,**

v.

**Bruce Alan JAMES, Appellant.**

No. C8–86–1281.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Robert M. Speeter, Speeter, Johnson, Hautman & Olson, Minneapolis, for respondent.

William H. Godbout, Jr., Laurence D. Olson & Associates, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying appellant Bruce Alan James forgiveness of arrearages and reduction or elimination of permanent maintenance. Appellant alleges a substantial change in respondent's circumstances. We affirm.

## FACTS

The 28–year marriage of appellant Bruce Alan James and respondent Mary Louise James was dissolved in 1972 when appellant was 49 years old and respondent was 50 years old. They have two children, both of whom are emancipated. Appellant is remarried.

Appellant holds a Bachelor of Science degree in metallurgical engineering from the University of Minnesota. He has been employed by 3M for approximately 19 years and currently is a senior project engineer. Respondent received a Bachelor of Science degree in the College of Home Economics at the University of Minnesota in 1944 and in 1971 received a Master's degree in Interior Design. At the time of the dissolution, respondent had recently undergone back surgery and had a 15% permanent disability.

Pursuant to the terms of the dissolution judgment and decree, appellant was ordered to pay respondent, as permanent alimony, the sum of $450 per month until November 1, 1973 when it was reduced to $300 per month until respondent remarried or died.

In 1972, appellant earned $15,872 in gross wages. Respondent was unemployed as she was for most of the marriage but had worked outside the home for short periods doing an assortment of retail and clerical jobs. After the dissolution, respondent moved to Arizona and in 1973 became employed. Her earnings that year were $6321. In 1974, appellant unilaterally decided to pay respondent $150 per month or one-half of the awarded monthly amount.

In 1984, respondent began her own interior decorating business which is operated

out of her home. Appellant's 1985 employment income was $39,273.[1] Respondent's *total* income for 1985 was $14,145 of which $7291 was alimony.[2]

On March 11, 1983, after a full evidentiary hearing, the Hennepin County Court (1) granted respondent a judgment for arrearages of spousal maintenance in the amount of $16,500, (2) denied appellant's motion to forgive arrearages, and (3) denied application to decrease or eliminate future maintenance. As the trial court noted, based upon the amount awarded and the property division, respondent would have to find employment to meet even her minimal needs. Appellant's gross income from employment in 1982 was $34,554. Respondent's 1982 income from employment was $11,929. Appellant did not seek appellate review of the March 11, 1983 order and the judgment was executed and collected by garnishment.

Thereafter, appellant again became delinquent in his maintenance payments. In February 1986, appellant moved seeking forgiveness of arrearages and reduction or elimination of future maintenance payments. Heard by a family court referee and approved by a second trial court, the court ordered appellant to continue to pay the $300 per month maintenance, pay arrearages in the amount of $12,600, and pay $500 in attorney fees.

### ISSUES

1. Does appellant's failure to seek review of the referee's confirmed order within ten days require a dismissal?

2. Did the trial court abuse its discretion in failing to grant appellant's motion for forgiveness of arrearages and reduction or elimination of permanent maintenance?

### ANALYSIS

1. This appeal came directly to this court, bypassing review by the trial court. Neither [Minn.Stat. § 484.70, subd. 7(c)] nor [Minn.R.Civ.P. 53.05(2)] prohibits a party from bypassing independent review by the judge. If a party fails to request review by the judge within ten days, the order or judgment, which has been confirmed, becomes final. Nevertheless, attorneys generally would be ill-advised to bypass trial court review. Such review is in the nature of a motion for amended findings or a new trial and would affect the scope of review on appeal to this court accordingly.

1. Appellant's *employment* income:

| Year | Employment Income |
|------|-------------------|
| 1972 | $15,872.00 |
| 1981 | 31,679.00 |
| 1982 | 34,554.00 |
| 1983 | 36,551.00 |
| 1984 | 36,707.00 |
| 1985 | 39,273.00 |

2. Respondent's income:

| Year | Emp. Inc. | Int. | Div. | Business | Teaching | Social Security | Alimony |
|------|-----------|------|------|----------|----------|-----------------|---------|
| 1973 | 6,321 | * | * | – | – | – | 5,100 |
| 1974 | 9,757 | * | * | – | – | – | 2,250 |
| 1975 | 10,529 | * | * | – | – | – | 1,800 |
| 1976 | 9,182 | * | * | – | – | – | 1,800 |
| 1977 | 11,976 | * | * | – | – | – | 1,800 |
| 1978 | 13,272 | * | * | – | – | – | 1,800 |
| 1979 | 13,801 | * | * | – | – | – | 1,800 |
| 1980 | 13,407 | * | * | – | – | – | 1,800 |
| 1981 | 11,965 | 1,587 | – | – | – | – | 1,800 |
| 1982 | 11,929 | 2,778 | – | – | – | – | 750 |
| 1983 | 15,295 | 2,790 | – | – | – | – | 4,885 |
| 1984 | $17,748 | 3,164 | – | Loss | 975 | – | 5,400 |
| 1985 | $ 1,388 | 2,141 | 175 | 125 | – | 3,025 | 7,291 |

* – figures not available.

*Warner v. Warner,* 391 N.W.2d 870, 873 (Minn.Ct.App.1986); *see Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

That admonition bears repeating: "attorneys generally would be ill-advised to bypass trial court review." The court of appeals is aided by the review of the trial court. Minn.Stat. § 484.70, subd. 7(c) (1984) provides in part as follows:

> All recommended orders and findings of a referee shall be subject to confirmation by a judge. Review of any recommended order or finding of a referee by a judge *may* be by notice served and filed within ten days of effective notice of the recommended order or finding.

(Emphasis added). Since the statute is permissive, this court is not required to dismiss this appeal. However, the better practice would be to present claimed errors to the trial court and not bypass it.

2. Minn.Stat. § 518.64 (1984) authorizes the trial court to modify an award of maintenance upon application of either party. An award is to be modified only upon clear proof of facts showing a substantial change of circumstances from those existing at the time of the dissolution. *Peterson v. Peterson,* 304 Minn. 578, 580, 231 N.W.2d 85, 86 (1975) (per curiam).

Although a motion for modification is addressed to the sound and broad discretion of the trial court, the Minnesota Supreme Court has repeatedly cautioned trial courts to modify an award cautiously and only upon clear proof of facts showing that a substantial change in circumstances renders modification equitable. *Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980); *Ramsay v. Ramsay,* 305 Minn. 321, 322, 233 N.W.2d 729, 731 (1975).

Appellant asserts respondent's circumstances have changed. While the record reflects a change in respondent's circumstances, it also reflects a change in appellant's.

Although respondent was unemployed at the time of the dissolution, she found work shortly thereafter. It was foreseeable that respondent would have to seek employment since $300 per month would not meet her minimal needs. There was no provision for reduction or elimination of maintenance upon respondent's subsequent employment nor cessation of permanent maintenance upon respondent's receipt of social security. Respondent is now 64 years old. While she has been employed, she is now self-employed and receives social security. Respondent has continuing back disability and other health problems.

Appellant's financial circumstances have also changed. Appellant's income from employment has more than doubled in the 14 years since the divorce ($15,872 in 1972 to $39,273 in 1985). Appellant has remarried and asserts that he and his wife have had substantial medical expenses in spite of insurance. Exact figures were not presented. Appellant's remarriage in itself does not constitute sufficient change in circumstances to support the termination or reduction of maintenance awarded in the dissolution decree. *Ramsay,* 305 Minn. at 322–24, 233 N.W.2d at 731.

The arrearages arose out of a willful determination by appellant that since respondent had found employment in Arizona, he would only pay respondent $150 per month. Appellant did not initiate a modification of maintenance and sought it in response to respondent's motion for judgment for arrearages. Once the 1983 judgment was entered denying forgiveness of arrearages and awarding attorney fees, appellant again fell in arrears. He asserts he could not financially withstand garnishment for arrearages and keep up with current maintenance payments. The garnishment proceedings resulted because of appellant's own actions.

Because respondent has shown need of the permanent maintenance awarded, there is no substantial change in circumstance. While we might have made some adjustment of the monthly maintenance amount had we been the trial court in view of respondent now receiving $314 a month in social security payments, under our limited

scope of review we cannot say the trial court abused its discretion.

## DECISION

1. This appeal is not subject to dismissal for appellant's failure to first request review by the trial judge of the referee's recommendation.

2. The trial court did not abuse its discretion in failing to forgive arrearages or reduce or eliminate permanent maintenance.

Affirmed.