In re the Marriage of Lorene SCHROEDER, Petitioner, Respondent,

v.

Henry SCHROEDER, Appellant.

No. C6-86-2025.

Court of Appeals of Minnesota.

May 12, 1987.

Jay D. Mondry, Park Rapids, for respondent.

George L. Duranske, III, Bemidji, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

NIERENGARTEN, Presiding Judge.

Henry Schroeder appeals the denial of his motion to eliminate or phase out spousal maintenance. We affirm.

## FACTS

Henry and Lorene Schroeder's marriage of twenty-six years was dissolved in December 1980. There were four children, the youngest of which turned eighteen on November 13, 1984. By stipulation and decree, Lorene received custody of three minor children, child support, household goods, exclusive possession and ownership of the homestead, and maintenance of $200.00 per month until she remarried. Henry received a car, boat, sporting goods, snowmobile, guns and tools, and his military pension.

Lorene's budgeted expenses total $444.00. In addition to maintenance and a $65.00 mortgage payment made by Henry she earns approximately $206.00 net per month. Lorene is 55 years old, does not have a high school education and was a full-time homemaker during her marriage. She now is employed part-time. Her health is generally good, but she has no health or dental insurance.

Henry's income from his pension and present employment is $1,520.32 per month. He has remarried and his present wife is unemployed. His monthly expenses (including maintenance and maintenance house payments) total $1,537.70. Of that amount approximately $420.00 is for payment of credit card and other consumer debts. A car loan payment of $286.26 accounts for additional debt payment. Henry is current on all of his obligations to Lorene.

## ISSUE

Did the trial court abuse its discretion in declining to modify or eliminate appellant's maintenance obligation?

## ANALYSIS

The trial court has wide discretion in awarding maintenance and will not be reversed absent a finding of abuse of the discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). In order to modify a maintenance award, the court must find one of the following: 1) substantial increase or decrease in the earnings of a party; 2) substantial increase or decrease in the needs of a party; 3) receipt of assist-

ance under Minn.Stat. § 256.72–87; or 4) change in the cost-of-living. Minn.Stat. § 518.64, subd. 2 (1986). If the court finds one of the above factors present, it must then determine whether the existence of such facts make the original award unreasonable or unfair. *Id.* The threshold question in this case is whether or not there has been a substantial increase or decrease in the earnings or needs of either party.

There is nothing to indicate a significant change in Lorene's needs. Given the minimal amount of maintenance provided by Henry, Lorene's part-time employment was essential to allow her to meet minimal living expenses.

■ Henry feels modification is warranted because he has remarried and his budgeted expenses now equal his income. Henry's remarriage by itself is insufficient to support a reduction or termination of maintenance. *James v. James,* 397 N.W.2d 587, 590 (Minn.Ct.App.1986). The law is clear that if Henry desires to take on further responsibility he must do so with the knowledge that his first obligation is for the payment of maintenance to his first wife. *See id.*

■ There have been no substantial changes in resources or needs of either party which would justify a modification of permanent maintenance. While Henry focuses on the fact that Lorene has no small children at home, is in reasonable health and asserts she could work full-time if she chose, he forgets that Lorene has no obligation to become self-sufficient in order to relieve him of his obligation. Lorene's maintenance award was permanent and not conditioned on any rehabilitative efforts or unemployment on her part.

> [R]ehabilitative maintenance contemplates future self sufficiency of the spouse receiving the award after a period of retraining. A fair reading of the cases and statutory provisions convinces us that similar considerations do not exist when permanent maintenance is awarded.

*Sand v. Sand,* 379 N.W.2d 119, 124 (Minn. Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 31, 1986). *See also Borchert v. Borchert,* 391 N.W.2d 74, 76 (Minn.Ct.App.

1986). While it is clear that part-time employment would be necessary for Lorene to meet her needs, she does not have an obligation to undertake full-time employment merely to help Henry meet his obligations. *See Ramsay v. Ramsay,* 305 Minn. 321, 324, 233 N.W.2d 729, 731 (1975).

■ Henry's reliance on *Eckholm v. Eckholm,* 368 N.W.2d 386 (Minn.Ct.App. 1985) in requesting modification because Lorene is in good health and might be able to work full-time is misplaced. In *Eckholm,* the wife was only 36 at the time of the divorce. The marriage lasted 14 years. She was in good health and there was evidence that a person of her age and talents could earn around $15,000 as a starting salary. By contrast, Lorene is 55 and has minimal education. This marriage lasted 26 years. Even if she were to undertake full-time employment, her earnings would be less than $10,000 a year.

> [P]ermanent spousal maintenance should be reserved for those spouses who, after long-term "traditional" marriages, are unlikely candidates for vocational rehabilitation.

*Eckholm,* 368 N.W.2d at 390.

■ Henry seeks refuge in the fact he was unrepresented by counsel at the time of the stipulation forming the basis for the dissolution. However, the stipulation clearly indicates that he was advised of his right to counsel and waived that right. While stipulations are not binding on the court,

> the fact remains that it represents the parties' voluntary acquiescence in an equitable settlement.

*Ramsay,* 305 Minn. at 324, 233 N.W.2d at 731.

## DECISION

Appellant has failed to show any substantial change which would warrant modification of a permanent maintenance award.

Affirmed.